IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Ebony Glover, *as Guardian ad Litem and Biological Mother of BP, a minor*, | ) ) ) |
| | ) Civil Action No.: 3:20-cv-01705-JMC |
| Plaintiff, | ) ) ) |
| v. | ) **ORDER AND OPINION** |
| | ) ) |
| Bennett D. Williams, Dennis Kennedy LLC, and Kennedy Brothers Inc., | ) ) ) ) ) |
| Defendants. | ) ) |

Currently before the court is Plaintiff Ebony Glover's[1] Motion to Remand to State Court. (ECF No. 12.) Defendant Kennedy Brothers Inc. ("KBI") filed a Response in Opposition to the Motion. (ECF No. 18.) For the following reasons, the court **GRANTS** Plaintiff's Motion to Remand. (ECF No. 12.)

### I.     RELEVANT FACTUAL AND PROCEDURAL BACKRGOUND[2]

In April 2018, Plaintiff and his grandfather were traveling westbound on I-20 in Lee County, South Carolina. (ECF No. 1 at 3 ¶ 8.) Plaintiff, a minor, sat in the front passenger's seat while his grandfather drove the vehicle. (*Id.* ¶ 7.) Plaintiff's grandfather "unexpectedly collided with a freight truck owned by Defendant Dennis Kennedy . . . and operated by [Defendant] . . . Williams." (*Id.* ¶ 10.) The freight truck had purportedly been disabled and sat "parked in the entire left lane

---

[1] The term "Plaintiff" refers to BP, the minor child for which Ms. Glover brought this action. Moreover, the court refers to Defendant Bennett D. Williams as "Williams" and Defendant Dennis Kennedy, LLC as "Dennis Kennedy."

[2] The following facts are taken from the Third Amended Complaint. (*See* ECF No. 2.)

1

of I-20." (*Id.* ¶ 11.) Plaintiff's grandfather "died as a result of the collision," while Plaintiff suffered injuries. (*Id.* ¶ 7.)

On March 6, 2019, Plaintiff filed suit alleging negligence based on the accident. (*See* ECF Nos. 1 at 1; 1-1 at 1.) Plaintiff filed its Third Amended Complaint on April 15, 2020, naming KBI as a Defendant for the first time. (ECF No. 2 at 1.) Defendant Dennis Kennedy and Defendant Williams subsequently removed this action to federal court on April 30, 2020. (*See* ECF No. 1.) Although KBI claims it had not yet appeared in this action at the time of the Notice of Removal, it subsequently consented to removal in its Answer. (ECF No. 10 at 2.) Plaintiff brought the instant Motion to Remand in June 2020, contending Defendant Dennis Kennedy and Defendant Williams untimely filed the Notice of Removal, and "the removal petition [did] not include facts from which the [c]ourt can conclude the parties are diverse or that the amount in controversy exceeds $75,000." (ECF No. 12 at 1.) KBI responded in opposition to the Motion. (ECF No. 18.) No other party has responded or replied to the Motion to Remand.

## II.    LEGAL STANDARD

A party seeking to remove a case from state to federal court bears the burden of demonstrating that jurisdiction is proper at the time it files its petition for removal. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996). If federal jurisdiction is doubtful, remand is necessary. *Mulchaey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *see Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (noting Congress's "clear intention to restrict removal and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction"); *see also Auto Ins. Agency, Inc. v. Interstate Agency, Inc.,* 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citations omitted).

The right to remove a case from state to federal court derives solely from 28 U.S.C. § 1441,

which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Absent jurisdiction based on the presentation of a federal question, *see* 28 U.S.C. § 1331 (2012), a federal district court only has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a) (2012). "[28 U.S.C. § 1332(a)] and its predecessors have consistently been held to require complete diversity of citizenship. That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original) (footnote omitted); *Crawford v. C. Richard Dobson Builders, Inc.*, 597 F. Supp. 2d 605, 608 (D.S.C. 2009) ("The complete diversity rule of § 1332 requires that the citizenship of each plaintiff be different from the citizenship of each defendant."). Moreover, a corporation is a "citizen" of the state in which it is incorporated. 28 U.S.C. § 1332(c)(1). Generally, "[a] party seeking to remove an action must file a notice of removal within 30 days of receiving the initial pleading in the case." *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 865 F.3d 181, 186 (4th Cir. 2017) (citing 28 U.S.C. § 1446(b)(1)).

### III.    ANALYSIS

Plaintiff contends this case should be remanded because (1) Defendant Dennis Kennedy and Defendant Williams "removed the case more than thirty days after their receipt of the initial pleading"; (2) Defendant Dennis Kennedy and Defendant Williams "removed the case more than one year after [the case's] commencement"; and (3) "[t]he removal petition does not include facts

3

from which the Court can conclude the parties are diverse or that the amount in controversy exceeds $75,000." (ECF No. 12 at 1.)

KBI counters that, while its co-Defendants may have been untimely in filing the Notice of Removal, KBI had thirty days from its date of service to decide whether to remove the action. (ECF No. 18 at 6-7.) Specifically, KBI insists its "ability to remove this action was negated by Defendant Williams and Defendant Dennis Kennedy . . . when [they] removed the action to federal court before [KBI] was capable of doing the same." (*Id.* at 7.) KBI further stresses the one-year limitation on removal is inapplicable to the instant case, the parties are fully diverse, and the amount in controversy exceeds $75,000. (*Id.* at 8-12.) For damages, KBI asserts Plaintiff's "counsel has relayed to Defendant's counsel that Plaintiff is claiming $450,000.00 dollars in medical expenses as damages in this action," but provides no evidence or support for this claim. (*Id.* at 9 n.7.)

To determine the amount in controversy, courts have "applied the preponderance of the evidence standard." *Elliott v. Tractor Supply Co.*, No. 5:14-CV-0088, 2014 WL 4187691, at *2 (N.D.W. Va. Aug. 21, 2014). "When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount." *Adam Joel Myers, DDS, PLLC, d/b/a Pineview Dental Care, & Adam Joel Myers v. Cincinnati Ins. Co.*, No. 1:20-CV-148, 2021 WL 355130, at *3 (N.D.W. Va. Feb. 2, 2021) (quoting *Elliott v. Wal-Mart Stores, Inc.*, No. 5:08-CV-0030, 2008 WL 2544650, at *1 (N.D.W. Va. 2008)). Moreover, "a removing defendant must present actual evidence that the amount in controversy is exceeded; simple conjecture will not suffice." *Tractor Supply Co.*, 2014 WL 4187691, at *2. "In such circumstances, the court may consider the entire record before it and may conduct its own

independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum." *Id.*

Here, Defendants have failed to carry their burden of proof regarding the amount in controversy. The Third Amended Complaint presents no specific evidence of damages beyond a generalized claim for "actual and punitive damages." (*See* ECF No. 2 at 6.) Despite this lack of specific damages, the Notice of Removal simply states "the evidence demonstrates that the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs." (ECF No. 1 at 3.) Defendant Dennis Kennedy and Defendant Williams have failed to respond to the Motion to Remand, and KBI has submitted no evidence or support to show damages could exceed $75,000. Instead, KBI relies on an uncited, unverified statement purportedly made by Plaintiff's counsel that Plaintiff seeks "$450,000.00 dollars in medical expenses as damages in this action." (*Id* at 9 n.7.) Yet the court finds this bare claim, without more, simply cannot sustain subject matter jurisdiction. Relatedly, despite KBI's insistence to the contrary, the fact Plaintiff does not explicitly allege the amount in controversy is below $75,000 is irrelevant to whether Defendants have met their burden of proof. Defendants have put forth no actual evidence to demonstrate the amount in controversy bestows subject matter jurisdiction, and the court finds the jurisdictional minimum has not been satisfied. Thus, the court must grant the Motion to Remand.[3]

---

[3] The court observes the parties primarily argued over the timeliness of removal in their briefing. Indeed, KBI claims that if this matter is remanded due to its co-Defendants' untimely removal, KBI "would simply remove this action once transferred back to" state court and contend the other Defendants' "actions allow for the equitable tolling of the thirty day removal period." (ECF No. 18 at 7-8.) Yet the court has remanded this matter due to Defendants' failure to show the amount in controversy exceeds $75,000. KBI consented to removal, opposed the instant Motion to Remand, and provided new evidence of the parties' complete diversity in opposition to the Motion to Remand. (*See* ECF Nos. 10, 18, 18-1 through 18-4.) KBI or its co-Defendants could have provided similar evidence or support regarding the amount in controversy, but failed to do so. Accordingly, as the court does not reach the issue of timeliness and Defendants have otherwise

## IV.    CONCLUSION

For the foregoing reasons, the court **GRANTS** Plaintiff's Motion to Remand. (ECF No. 12.) The district court clerk is hereby directed to send a certified copy of the Order to the Lee County Clerk of Court.

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Judge

February 8, 2021
Columbia, South Carolina

---

failed to show removal is appropriate, it appears KBI would not have a basis for subsequently attempting to remove this action a second time.

6